Our last case this morning is United States v. Greco. Mr. Hillis. May it please the Court, Counsel, my name is Daniel Hillis. I'm with the Federal Public that we've raised will address the Rule 10 matter that came up, and I'll have to say it caught us by surprise. So in relevant part, Rule 10 says that papers filed in the District Court constitute the record on appeal. Case law says an appellate court can only rely on materials that were of record when the District Court ruled on the disputed issue. Mr. Greco disputed the District Court's jurisdiction on November 14, 2018. The District Court revoked his supervised release on November 15, 2018. Notice of Appeal was filed on November 26, 2018. The disputed materials in this case, the earliest of them came at Docket Entry 177, and that was April 15, 2019. That's long after the Notice of Appeal was filed. Indeed, it was after we filed the opening brief in this case. Yet this Court has construed the Rule 10 E2C motion to correct the record, but respectfully, we don't think that can be right given the government's brief asserted, and this is at page 13, that record, Docket Entry 177, was already part of the record on appeal when it filed its brief. So of course, the Court wouldn't have to construe the government's brief to add materials if the materials were already part of the record. And beyond this, the government has never made a Rule 10 assertion. It has never articulated a basis for relief. Any basis it could articulate now, I think they'd have a judicial estoppel problem because they've established, or excuse me, asserted in the District Court that the materials were already part of the record. Well, actually, the motion, or the controversy, centers on the March 9th report, which includes the request for the arrest warrant, because the March 8th report didn't have a request for an arrest warrant. And so it's that document that I understand was the basis of this procedural skirmish on appeal. And Rule 10e has two parts, one that says that the District Court can authorize the supplementation, and that's functionally what happened here because there was a motion to strike in the District Court, as I understand it, and the judge denied it? Yes, Your Honor, I'd hate to be caught procedurally on this because I have filed before for relief in this Court under Rule 10 and was told, go to the District Court first, and therefore my request was denied. So to correct the record, we're the ones who took up the laboring ore. The government didn't say, by the way, District Court, in an abundance of caution, please make the materials part of the record now. So we think that's a waiver, it's a judicial estoppel problem. We've got Rule 32.2b2c issue because we now have an R-77 assertion by the probation officer that these materials were presented to and considered by the District Court. That's not anywhere established in the record, except for Record Entry 177. It's a due process problem, and there are a lot of problems here. And the government could have said something about Rule 10 at that March hearing, March 9th, 2019 hearing, Judge. So I don't think there's a functional equivalent of our request for relief that allows the government now to tack on Rule 10 materials. Well, 10e2 permits us to supplement the record if there was an inadvertent omission. I understood that Circuit Rule 10 requires, though, for a request for relief to precede any action by this Court, and so I think that there are a lot of problems to go ahead and find some way to let this material come through the door. Furthermore, Judge, Record Entry 177 is an assertion by the probation officer of facts that the probation officer was never put under oath and examined by. So, again, that's a separate matter. It's new evidence, and that's inconsistent with any Rule 10 jurisprudence that I've been able to find from across the country, and we've cited in Ninth Circuit, Fifth Circuit. How do you mean this was new evidence, Counsel? Well, Judge Keeney, at the very least, we've got a problem that the probation officer is asserting in Docket Entry 177 that the materials were indeed presented to and considered by the District Court. Because the materials were never docketed, that can't be anything but new evidence because there's no record of this material prior to the April 12th submission to the District Court that includes the probation officer's assertion and then attaches the second supplemental report. Well, didn't Judge Lineweber indicate he received the report? He indicated he received a report, not this report, and so there were lots of reports. He couldn't have received this report because it was never docketed, and, indeed, the government's only asserted that this report was sent to Judge Pallmeyer. There's no record evidence saying that Judge Lineweber ever received or considered it. So that's all very fundamentally a problem here, and, Judge Keeney, if I may move on to why there's an additional problem with anything that Judge Pallmeyer received and did, she didn't issue the warrant in this case. She issued a text order, and to properly toll supervised release under 3583I, this Court's already indicated in the Block order we've yet not yet gotten a disposition to that case, but the text of the rule is something that Block has considered, and under 3583I, there has to be a warrant or a summons. In order to issue an arrest warrant is what Judge Pallmeyer did. That doesn't comply with 3583I under the plain text of that statute. There is no tolling with anything that Judge Pallmeyer did, whether she received the materials or didn't. We need to look instead to what the warrant was and the attached materials to it that Judge Lineweber had, and we have nothing. We only have a single document where Judge Lineweber orders a warrant to be issued based on a text order from Judge Pallmeyer. Judge Lineweber is responsible for looking to the four corners of the materials that are presented to him with a warrant request, and there's nothing there. And that warrant was issued on the date that his supervision was set to expire? It was issued March 12, 2018. Supervised release was set to expire April 12, 2018. So within the time, not the same day, a month earlier. Judge Lineweber's warrant was issued. However, under basic Fourth Amendment jurisprudence, a warrant is invalid if it's not supported by probable cause, and this is the fundamental defect in what Judge Lineweber did because we've got nothing that shows probable cause to Judge Lineweber. Is a collateral attack on the validity of the warrant permitted in this context? This isn't a collateral attack. This is a head-on attack. And there's nothing to prohibit... Well, normally we presume the validity of the warrant. Only upon review when there are materials under Peck and Anderson that would show that there's probable cause for the issuance of the warrant in the first place, Judge. This is our first opportunity to attack the warrant. It is not something that is collateral attack, you know, in the sense of a 2255 or 2241. So I don't think this is a collateral attack. It's a direct claim. So if I may add one further point about Judge Lineweber, and that is, if his is the valid warrant, then the government has a waiver problem on this because it's never done anything to one basket, Judge Pallmeyer's determination, saying that it is the valid decision. But that is an order. It is not a warrant. It is not a summons, and it doesn't comply with 3583I. So for all of these reasons, we think that the district court lacked jurisdiction, and this is a jurisdictional statute under Merlino and the case law that we cited as to 3583I. So while it may seem thorny in parts, it really is very straightforward ultimately. Do you have a valid warrant or a summons issued before supervised release expired to comply with the jurisdictional requirements of 3583I? And the answer is no. So for these reasons, we don't think the district court validly revoked Mr. Greco. I can address the other issues, but I can, I think, stand on my brief on these matters unless the court has questions, and I reserve the balance of my time for rebuttal. Thank you. Ms. Kastanek. Thank you. Good morning, and may it please the court. Andriana Kastanek on behalf of the United States. The district court's judgment in this case revoking the defendant was correct, and the process that it followed was fair to the defendant. A couple of points of clarification that I think have been confused by the defense here. There are not multiple judges involved in issuing the arrest warrant in this case. What happened, as was made clear in the status hearing and the detention hearing that was held on March 16th in this case, of which there's a transcript in the record, is that Judge Palmweir was presented with the March 9th, 2018 special report from probation at the end of hours on Friday. Friday, what day? March 9th, Your Honor. It was a... How do we know that? It's discussed in the detention hearing. It's on the transcript. So what happened is that the probation officer, as is explained in the status hearing that's held the next week in front of Judge Palmweir, the probation officer explains that the defendant was arrested on March 9th, 2018 by the Schomburg Police Department. The probation officer had filed a special report the day before, March 8th, advising the court of the order of protection that had been entered. The supplemental report filed on March 9th and advised the court of the fact of his arrest by the Schomburg Police Department, which created probable cause to believe that he was in violation of those terms of supervised release. Judge Palmweir was sitting as the emergency judge. Judge Lyon and Weber was unavailable for an unknown reason. And probation had requested that warrant in order to lodge a detainer so that he would not be released by Cook County. And what probation and Judge Palmweir are discussing during this detention hearing is the fact that clerk's office was at the end of its day. And what happens is when a bench warrant is issued, a minute order comes out and then it's processed by the clerk's office. Clerk's office was closed for the weekend. And so it did not actually get processed until the following Monday. And so therefore you see the two docket entries on the district court's docket, one with follows. And Judge Palmweir says, I did this on the basis of the report. And she's referring to the report that notes that he had emoticons of bombs and cars blowing up and various threats that were issued to the to the victim in this case. And just so it's clear, though, when you say she's saying this, she's saying this on March 16th. Yes. About what you say she said on March 9th. Yes, your honor. She is discussing in the context of the request for bond her decision to issue an arrest warrant. And what she specifically says is I think that there's reason to detain the defendant. As I saw in the report, which special report is there were a variety of threatening and harassing messages that were sent. The report references emojis or emoticons of cars and bombs. The defense says she's referring to an arrest report. Well, that that may be. But the arrest report was attached to the March 9th, 2018 special report. That's an issue to address kind of the procedural issues here. It certainly could have been cleaner the way this happened. The history of it is that probation is responsible for filing their special reports. The government and probation are two separate bodies here. We don't have control over these special reports. Through inadvertence, it was not filed on the docket given the after hours presentation to Judge Pallmeyer. And so when this case went up on appeal, probation noticed this and added it to the docket. Rule 10E states that disputes over what was presented to the district court should be resolved by the district court. And it was in this case. There was a motion to strike it from the district court docket. Judge Leinenweber denied that motion on the ground that it was court. And there really can't be much ambiguity. I mean, there isn't any ambiguity in the record as to whether it was. So in addition to the detention hearing transcript where Judge Pallmeyer specifically references the report and the threatening and harassing messages, she also references that he was arrested by the Schomburg Police Department, which is the basis of the arrest warrant in this case. In addition, every subsequent report that is filed on the docket references the history of special reports. So, for example, on March 12th, there's another special report, which is that docket entry 84. It at the very start of the report says the prior reports that were provided to the court. March 8th, a report was filed advising the court of the order protection. On March 9th, a report was filed requesting that a warrant be issued. So every single one of these subsequent reports provides notice to the court, to the parties of the prior reports that were provided to the court. It also makes a lot of logical sense. So the arrest warrant was issued. It says on its very face that it was issued because of violation of the terms of supervised release. There's one special report that reports a violation of the terms of supervised release, and that's the March 9th report in question. Just like other materials that are presented to and considered by the district court, it properly is part of the record on appeal as the motion to strike. Who issued the bench warrant? Judge Paul Meier, Your Honor, as the emergency judge in this case. So this clerk listed on the bench warrant itself is her clerk? Say that one more time. This clerk who's listed on the bench warrant, Emily Wall is her clerk? I believe that that's a member of the clerk's office, if I'm not mistaken. Doing the ministerial act. Yes, Your Honor. And then the signature that appears on the actual arrest warrant, as you'll see, is Judge Leinenweber, and I believe that that's simply because he's a signed judge. It's a stamp. He's not personally signing this bench warrant. Judge Paul Meier is filling in as the emergency judge, and that continued to occur through the week of March 19th, as you can see from the transcripts of the proceedings that happened. And then Judge Leinenweber, when he was back in chambers, took over the case for the revocation hearing that occurred the previous Friday. Yes, Your Honor. Okay. When you said the intervening weekend, the clerk's office did not file a warrant? I'm sorry, Judge Kaney, I didn't hear that. It was an intervening weekend, and the clerk's office did not file a warrant. Is that correct? Yes, Your Honor. Did not docket it, I would say. So the minute order, which is done by the clerk's office on March 9th, the weekend then happened. March 12th was the following Monday, and the process of creating the arrest warrant and then docketing it happened on that Monday, March 12th. And again, that's discussed in the detention hearing that happens on March 16th, so that's all in the transcript in a discussion between probation and the court. So when was the warrant issued by Judge Baumeyer? March 12th, Your Honor. And it was docketed when? If we're saying it was issued on the date that it was docketed, then that's March 12th. The minute order ordering the issuance of the bench warrant happened on March 9th. If there are no further questions from the court, the government would ask that this court affirm the judgment to the district court. There's a concession that the condition having to do with unnecessary risks or undue risks is impermissibly vague, and it needs to be removed or clarified. Yes, Your Honor. I'm sorry. So to clarify the requested relief, we do ask for a limited remand to the district court for the limited purpose of clarifying the condition, including the words risks and third parties that are included within that condition consistent with Bickard and this court's other case law. Thank you. Thank you. Mr. Hillis. I need to correct or at least dispute the government's assertion that Judge Paulmeyer issued a warrant. She did not. Record entry 82 is an order. It's entitled order. It orders something else to be done, and that is the issuance of a warrant. The warrant is issued by Judge Leinenweber. That's docket entry 83. It says bench warrant. What docket entry 83 is is a warrant. What docket entry 82 is is an order. And what excuse me, what statute requires under 3583I is a warrant. So Judge Paulmeyer's actions are immaterial for tolling supervision under 3583I under the plain language of the statute. Well, the bench warrant was expressly issued pursuant to Judge Paulmeyer's order, even if Judge Leinenweber did something ministerial on Monday. And the order is attached, so that the substance of that order is before us. Judge Leinenweber was the judge who issued the bench warrant. It's his signature on it. We look at the materials that were before him, not the things that the probation office and the government asserts were sent to a different judge, because Judge Leinenweber is responsible for assessing probable cause independently. But he did not make a probable cause determination in connection with the issuance of that warrant. He was relying on what Judge Paulmeyer had done on Friday. Well, I think that's what's attached. I think that's a problem because he is the someone else did. There's no collective knowledge doctrine, nothing asserted by the government to say that something told to a judge somehow gets to the ears and eyes of another judge, so that there is some judicial collective knowledge. And that's just something that's a gloss here that does not take into effect that Judge Leinenweber is supposed to make an independent determination as the issuing judge and look at the materials that establish probable cause. He never did so. Judge? Why can't he execute the probable cause order that was issued in the order for a bench warrant that was issued by his colleague? As the issuing judge, it is his responsibility to determine probable cause. We look to the materials under Pack and Anderson for what would be for Judge Leinenweber, because under 3583I, only a warrant or a summons it's not about notice, like the government says. It's about jurisdiction, and it's about the Fourth Amendment. So to have a review of the issuing judge's materials is what's required, not to look at something that is immaterial done by Judge Paulmeyer. There's an additional... I'm sorry. Not to split hairs, but Judge Leinenweber is doing nothing of substance. All he's doing is a ministerial act, and it's... I mean, I don't even know why it was necessary once Judge Paulmeyer orders the bench memo to issue the clerk's office issues the following Monday morning. Then she should issue a warrant or a summons, Judge, under what the statute requires. I don't understand the multi-step process, but this is what they decided to do, and we look to what the statute says to look to. That is a summons or warrant, and it's done here by Judge Leinenweber, not Judge Paulmeyer. There's an additional matter, though, and I'm sorry to go on, but where the government continues to refer to this hearing that Judge Paulmeyer had, the detention hearing, and say that it's very clear that she considered the special report, they get there by interlineating the word special. The report that the judge considered is the police officer's report, and we've laid this out on page nine of the reply brief, and so it's not accurate to say that Judge Paulmeyer had those materials in front of her in any fashion other than through the police report, and the police report is just evidence that is an advocacy piece. The only logical inference is that she was acting on the March 9th report, because that's the only report from the probation office that asked for a warrant, and she said, I was asked for a warrant on Friday, and I issued the warrant on Friday, and the March 8th report didn't ask for the issuance of the warrant. It just notified the court of the protective order. Judge, I think that's an inconsistent reading with when the defense attorney stands up and says, during the hearing, I don't have a copy of the police report. Nobody says, I'm talking about a special report. Furthermore, under the detention factors under 3142, the district court gets information from the probation office that would include risk of danger to the community, and it would include, then, information from police reports and other things the probation officer knows. So to suggest this all had to be gleaned from the special report is incorrect, and there's no evidence there to support that. Anybody who's ever done a detention hearing in front of a district court judge under 18 U.S.C. 3142g knows that the probation officer is there to tell the community, etc., and that information typically comes from the police report. Now, that is only report, the only report that's referred to at the detention hearing, and that makes sense. The government cannot change what the meaning of that text is in the exchange between the defense attorney and the judge. Those are the people present at the time. The government never stood up and corrected the district court and said, we're not talking about a police report, Judge. We're talking about the special report. I think everybody there that day understood this to be the police report. That was the governing thing. All right, thank you. I have nothing further. Thank you. Our thanks to both counsel. The case is taken under advisement, and that concludes our calendar for today, and the court is in recess. Thank you.